UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRINA CHULSKY,

    **Plaintiff,**

v.

    Case No. 1:19-cv-875
    JUDGE DOUGLAS R. COLE

GOLDEN CORRAL
CORPORATION, et al.,

    **Defendants.**

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Irina Chulsky's Motion for Leave to File an Amended Complaint (Doc. 29). For the reasons discussed below, the Court **GRANTS** Chulsky's Motion (Doc. 29). However, the Court declines to exercise supplemental jurisdiction over Chulsky's remaining, purely state-law claims against Defendant Kurt Parry, and therefore **DISMISSES** Chulsky's Complaint, as amended, **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Irina Chulsky filed this lawsuit on October 16, 2019, asserting statutory employment discrimination claims under both federal and state law against Defendants Kurt Parry, Golden Corral Corporation, CPB Foods, LLC, and Manna, Inc. (Compl., Doc. 1, #3, 6–8).[1] Parry moved to dismiss the claims against him on September 11, 2020, relying on Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction),

---

[1] Those interested in greater detail about the allegations underpinning this dispute may refer to the Court's Opinion and Order granting in part and denying in part Parry's Motion to Dismiss. (*See* Doc. 28, #173–76).

12(b)(6) (failure to state a claim), and 12(b)(5) and 4(m) (insufficient service of process). (*See generally* Doc. 18). In the course of briefing that motion, Chulsky withdrew her federal Title VII claims against Parry. (*See* Pl. Resp. in Opp'n to Mot. to Dismiss, Doc. 21, #128 n.2 ("Ms. Chulsky concedes that Mr. Parry cannot be held personally liable under Title VII.")). The Court ruled on Parry's Motion on February 1, 2022; it denied his motion to dismiss for lack of personal jurisdiction and for insufficient service of process, but granted his motion to dismiss for failure to state a claim. (*See* Op. & Order, Doc. 28). In doing so, the Court gave Chulsky thirty days within which to move for leave to amend her Complaint to remedy, if she could, the pleading deficiencies the Court identified. (*Id.* at #220).

Chulsky obliged, filing this motion for leave to amend on February 24, 2022. (Doc. 29). The proposed Amended Complaint largely tracks the original Complaint, with some notable additions and subtractions. Namely, the proposed Amended Complaint adds certain factual allegations regarding the degree of Parry's control over Chulsky's employment and adds a claim for retaliation under Ohio's employment discrimination statute. (*Compare* Compl., Doc. 1, *with* Am Compl., Doc. 34). Notably absent from the proposed Amended Complaint, however, are any of the original Title VII claims, against either Parry or the Corporate Defendants (Golden Corral Corporation, CPB Foods, LLC, and Manna, Inc.).[2]

---

[2] The proposed Amended Complaint filed contemporaneously with Chulsky's Motion for Leave to Amend (Doc. 29-1), like the original complaint in this matter, asserted Title VII claims against the Corporate Defendants, despite representations that those claims had "settled." (*See* Mot., Doc. 29, #222 n.1). After the Court requested clarification, Chulsky's counsel submitted, via email, a second proposed Amended Complaint. The Court has filed

2

Thus, only Chulsky's state law discrimination claims against Parry remain at issue in this suit. Although Chulsky's memorandum in support of her Motion for Leave recognizes this wrinkle (by noting that her claims against the Corporate Defendants have settled), it goes on to suggest that the Court could "[n]evertheless … exercise its supervisory discretion to retain subject matter jurisdiction over the state law claims against Mr. Parry pursuant to 28 U.S.C. § 1367." (*Id.* at #222 n.1). Notably, Chulsky does not suggest any alternative basis for this Court's jurisdiction over the claims in the proposed Amended Complaint. (*See* Am. Compl., Doc. 34, #271 ("This Court assumed subject matter jurisdiction over Ms. Chulsky's initial complaint … pursuant to [federal question jurisdiction].")).

Parry responded in opposition to Chulsky's Motion for Leave to Amend on March 24, 2022 (Doc. 31), and Chulsky replied in support on April 21, 2022 (Doc. 33). The matter is now before the Court.

## LAW AND ANALYSIS

**A.  The Court Grants Chulsky's Motion For Leave To Amend The Complaint.**

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). "[C]ourts have interpreted the language in Rule 15(a) as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims

---

that proposed Amended Complaint on the docket in conjunction with this Opinion and Order. (*See* Am. Compl., Doc. 34).

3

on their merits.'" *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)); *accord Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that leave to amend should be granted with "extreme liberality").

In determining whether to permit an amendment, courts consider several factors. In particular, leave to amend a complaint "*may* be denied where," among other things, "there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, [or] *futility of amendment.*" *Beydoun*, 871 F.3d at 469 (first emphasis added) (citations and internal quotation marks omitted). As to the last consideration, a "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (quoting *Riverview*, 601 F.3d at 520).

Here, Parry argues that the Court should deny Chulsky leave to amend because (1) the proposed Amended Complaint could not withstand a Rule 12(b)(6) motion, (2) Chulsky has unduly delayed in making the amendments, and (3) permitting amendment would cause him prejudice. (*See* Opp'n, Doc. 31, #244, 257). Without passing on the ultimate viability of the amendments, however, the Court will grant Chulsky leave to amend because any delay has not been undue and because any prejudice to Parry will be negligible.

As the permissive language of *Beydoun* suggests, the Court is not *required* to deny leave merely upon a showing that one of the above circumstances are present.

Rather, the decision to grant or deny leave to amend is left to a district court's discretion. *Hoffner v. Bradshaw*, No. 3:05-CV-00687, 2007 WL 3046464, at *2 (N.D. Ohio Oct. 16, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In exercising that discretion, though, Rule 15 puts a heavy thumb on the scale in favor of *granting* leave. *See Marks*, 830 F.2d at 69. As the Eleventh Circuit has explained, "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom" to deny amendment unless a "substantial reason" exists for doing so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

Given Rule 15's liberal stance on amendment, a court likely does not abuse its discretion even where it permits amendment in the face of repeated prior amendments, or the potential futility of the amendment. *See Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."); *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979) ("[I]f the plaintiff has at least colorable grounds for relief, justice [requires granting leave] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party."). Instead, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Consistent with this notion, the Sixth Circuit has held that a "district court abuses its discretion where it 'fails to state the basis for its denial or fails to *consider* the competing

5

interests of the parties and likelihood of prejudice to the opponent.'" *Oleson*, 27 F. App'x at 569 (emphasis added) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)); *accord S.S. Silberblatt, Inc.*, 608 F.2d at 42; *Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

In this case, Chulsky's proposed amendments present a close case on futility. That said, she has at the very least asserted "colorable grounds for relief." *S.S. Silberblatt, Inc.*, 608 F.2d at 42; (*see also* Op. & Order, Doc. 28, #204–19 (discussing Chulsky's claims as originally alleged)). And the Court does not consider Chulsky's purported "delay" or the possibility of prejudice to Parry as substantial reasons to deny leave to amend. Chulsky's amendments—though admittedly slight—appear directly responsive to the Court's previous Opinion on Parry's Motion to Dismiss. And the case law Parry cites with respect to "undue delay" is inapposite. Those cases contemplate amendments made "in the post-judgment context," where leave to amend is less permissive because the court "must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citation and internal quotation marks omitted). That is not the situation here; this case remains at the motion to dismiss stage.

Relatedly, the Court finds that Parry will suffer little, if any, prejudice should Chulsky be permitted leave to amend. The amendments sought here are logically

6

related to those allegations in the original Complaint, and the current posture of the case does not give rise to unfair surprise, such as where, for example, a plaintiff seeks to "rais[e] a new issue on the eve of trial." *See Moore*, 790 F.2d at 560 (citation omitted). In the absence of a "substantial reason" to deny leave, the Court will grant Chulsky's Motion for Leave to Amend the Complaint (Doc. 29), although treating that Motion as directed at the amended proposed Amended Complaint, which Chulsky emailed to chambers, and which the Court has now filed on the docket, (Doc. 34). (*See* 06/08/2022 Notation Order ("Parry's opposition … shall be deemed to apply to the new proposed amended complaint ….")).

**B.  The Court Declines To Exercise Supplemental Jurisdiction Over Chulsky's Remaining Claims And Accordingly Dismisses The Complaint As Amended.**

There is more, though: the Court's conclusion that little prejudice will result from permitting leave to amend is strengthened by the Court's ultimate disposition of this case. More specifically, the Court declines to exercise supplemental jurisdiction over Chulsky's remaining claims and therefore dismisses Chulsky's Complaint, as amended, without prejudice.

A district court's decision whether to exercise supplemental jurisdiction over state-law claims in the absence of any remaining federal-law claims is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of*

7

*Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

It is normal practice, however, for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated prior to trial. *See Stevens v. Gooch*, 48 F. Supp. 3d 992, 1007 (E.D. Ky. 2014); *Carpenter v. Lane Coll.*, Case No. 2:17-cv-2672, 2019 WL 845275, at * 4 (W.D. Tenn. Feb. 6, 2019) (having granted summary judgment on plaintiff's sole federal claim, court followed the "usual Sixth Circuit practice" and declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims). In that situation, the Supreme Court has noted that "the balance of factors to be considered under the pendent jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilkins v. Tenn. Dep't of Childs.' Servs.*, No. 3:18-cv-00102, 2018 WL 6413666, at *5 (M.D. Tenn. Dec. 6, 2018) (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7).

Though it has disclaimed a "categorical rule" to that effect, the Sixth Circuit has echoed the Supreme Court's explanation that, after pretrial dismissal of all federal claims, "the balance of considerations *usually* will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998). The Sixth Circuit has even described as "minimal" a district court's "discretion to decide pendent state law claims … once the basis for federal jurisdiction is dismissed before trial." *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055

8

(6th Cir. 1986) (citing *Serv., Hospital, Nursing Home and Pub. Empls. Union v. Comm. Prop. Servs.*, 755 F.2d 499, 506 n.9 (6th Cir. 1985)).

This case is not so unusual as to warrant departure from this "normal practice." All federal claims have been eliminated prior to trial, and the values of judicial economy, convenience, and fairness do not outweigh the interest in allowing state courts to decide issues of state law. Indeed, considerations of federalism and comity counsel strongly in favor of dismissing the state-law claims. As the Supreme Court has explained, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although this Court has written one substantive decision regarding Parry's Motion to Dismiss, that Motion—as well as Parry's arguments regarding the futility of Chulsky's amendment—raise unsettled questions of state law, particularly as to the scope of supervisor liability, the viability of an "apparent agency" theory under Ohio's employment discrimination statute, and the proper interpretation of the "attempt" language in Ohio Revised Code § 4112.02(J). (*See* Op. & Order, Doc. 28, #208, 211, 215–16). The Court declines to expound further on these questions of state law.

The other factors to consider cannot overcome what amounts to almost a presumption favoring dismissal in cases in which no federal claims remain. As for judicial economy, it is true that the case has been pending in federal court for nearly three years; however, the concept of "judicial economy" includes more than only the

9

age of the case. Rather, courts have focused on the parties' and the court's expenditure of time and effort. For example, in *Taylor v. First of American Bank-Wayne*, the Sixth Circuit found that "the interests of judicial economy and fairness both favored … retention of jurisdiction" where the case had been pending for approximately two years, the parties had "completed discovery and compiled a voluminous record," and "an extensively briefed summary judgment motion was ripe for a ruling by the district court." 973 F.2d 1284, 1288 (6th Cir. 1992). Even at the summary judgment stage, courts routinely decline to exercise supplemental jurisdiction over state-law claims. *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (affirming district court's declination of supplemental jurisdiction after summary judgment and noting that the Supreme Court "has even contemplated a scenario in which a district court could decline supplemental jurisdiction … during trial"); *Rife v. Houser*, No. 3:21 CV 67, 2022 WL 788063, at *4 (N.D. Ohio Mar. 15, 2022) ("Because summary judgment is proper for Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims, and dismisses them without prejudice."). Here, by contrast, the case is still at the motion to dismiss stage and no discovery has occurred. Thus, while a dismissal here perhaps raises some concerns about judicial economy (given the age of the case), it does not rise to the "overwhelming interest[] in judicial economy" necessary to allow the court to "properly … decide a pendent state claim" when "the federal claim has been dismissed before trial." *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (citing *Province*, 787 F.2d at 1055).

Neither does convenience, nor the interest in "avoidance of multiplicity of litigation," weigh heavily in favor of retaining jurisdiction. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). To be sure, if she wishes to pursue her action, Chulsky will have to re-file it in state court. This may be no small inconvenience. But it will not "multiply" litigation, because the litigation will continue only on a single track—just in a state court rather than in this Court. And, as this case remains at the motion to dismiss stage, little will be lost in the transition. Moreover, the state-court filing fee and additional delay, if any, factor only slightly into the Court's consideration. *See id.* (finding no abuse of discretion despite plaintiff's arguments that dismissal caused him "additional delays and increased costs").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Chulsky's Motion for Leave to Amend the Complaint (Doc. 29). However, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims against Parry, and accordingly **DISMISSES** the Complaint, as amended, **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

August 23, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**